IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA U. LEVY,<br><br>    **Plaintiff**<br><br>    v.<br><br>RITE AID CORPORATION,<br><br>    **Defendant** | CIVIL NO. 1:13-CV-00629<br><br>(Judge Rambo) |

FILED
HARRISBURG, PA
APR 2 2 2013
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**MEMORANDUM**

Invoking this court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff filed a *pro se* complaint on March 8, 2013. (Doc. 1.) Before the court is Defendant Rite Aid Corporation's ("Rite Aid") motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14.) For the reasons set forth below, Defendant's motion will be granted, and Plaintiff's claims will be dismissed with prejudice.

I.     **Background**

    a.     **Facts**[1]

On March 4, 2013, Plaintiff visited a Rite Aid store located at 831 K Street, Sacramento, California. (Doc. 1, p. 1.) While there, Plaintiff attempted to withdraw $30.00 using her debit card. (*Id.*) In order to do so, a Rite Aid employee[2] told Plaintiff she must purchase something first. (*Id.*) When Plaintiff took her purchases to a cash register, a female African-American cashier agreed to give her

---

[1] As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in Plaintiff's complaint. (Doc. 1.) Because Plaintiff's complaint does not contain enumerated paragraphs, any citations to that complaint will include page numbers only.

[2] Plaintiff refers to this employee generally as "Defendant."

the requested $30.00. (*Id.*) The cashier rang up the items, and then told Plaintiff to swipe her debit card. (*Id.*) Plaintiff states that when she swiped the card, the cashier "began making sexual advances towards Plaintiff with her eyes and hands." (*Id.*) The cashier then stated "Is your name Amanda? Mine is also Amanda," to which Plaintiff responded "That's my husband's name." (*Id.*, p. 2.)

The cashier refused to give Plaintiff the money she requested because her cash register did not have money. (*Id.*) The cashier suggested that Plaintiff go to a bank. (*Id.*) Plaintiff then handed the cashier her Electronic Benefit Transfer ("EBT") card to pay for the items. (*Id.*) Plaintiff states the cashier failed to apply an applicable discount. (*Id.*) As a result, Plaintiff states she fell and injured her neck and ankle. (*Id.*) A supervisor arrived on the scene and ultimately gave Plaintiff her requested $30.00. (*Id.*) As a result of the incident, Plaintiff claims she was forced to stand for a long time, was traumatized, and left the store injured, dizzy, and confused. (*Id.*)

### b. Procedural History

Plaintiff filed a *pro se* complaint on March 8, 2013. (Doc. 1.) On March 12, 2013, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4.) On April 8, 2013, Defendant filed a motion to dismiss the complaint (Doc. 14), followed by a brief in support on April 9, 2013 (Doc. 15).[3] On April 10, 2013, Plaintiff filed a brief in opposition to Defendant's motion. (Doc. 16.) Although

---

[3] Defendant originally filed a motion to dismiss and supporting brief simultaneously on April 4, 2013. (Doc. 12.) Defense Counsel was advised to re-file the supporting brief as a separate document. Defendant subsequently re-filed the motion to dismiss (Doc. 14) and the supporting brief (Doc. 15) on April 8 and 9, 2013, respectively.

2

Defendant has not yet filed a reply brief and the time to do so has not yet expired, the court is able to grant Defendant's motion without the benefit of a reply brief.

**II.** **Standard**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v.*

3

*White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

### III.     Discussion

Construing Plaintiff's complaint liberally, the court finds that Plaintiff brings the following claims: (1) a sexual harassment claim based on "bullying or coercion of a sexual nature, or the unwelcome or inappropriate promise of rewards in exchange for sexual favors" (Doc. 1, p. 2); (2) a discrimination claim under 42 U.S.C. § 2000a; and state law claims for (3) assault; (4) battery; (5) negligence; and (6) breach of oral contract.[4]

It is unclear what type of sexual harassment claim Plaintiff is bringing. Plaintiff mentions the EEOC's definition of sexual harassment and therefore it appears as though Plaintiff is bringing a Title VII sexual harassment claim. Although sexual harassment is generally actionable under Title VII in the context of a hostile or abusive workplace environment, it is clear that Title VII is only applicable in the employment context. As stated in *Tomkins v. Public Serv. Elec. & Gas Co.*:

> [T]itle VII is violated when a supervisor, with the actual or constructive knowledge of the employer, makes sexual advances or demands toward a *subordinate employee* and conditions that employee's job status - evaluation, continued employment, promotion, or other aspects of career development - on a favorable response to those advances or demands, and the employer does not take prompt and appropriate remedial action after acquiring such knowledge.

---

[4] Plaintiff also brings a claim for "personal injury tort." Plaintiff does not further clarify which tort she is alleging and the court does not recognize a generic claim for "personal injury tort." Therefore, this claim will also be dismissed with prejudice.

4

568 F.2d 1044, 1048-49 (3d Cir. 1977) (emphasis added).

Thus, Title VII is inapplicable in the instant action because Plaintiff was neither a current nor prospective employee of Rite Aid. Even if Plaintiff was an employee or applicant, vague allegations that there were sexual advances with the cashier's "eyes and hands," or that she was bullied and sexually harassed "for not aging"[5] are too vague to support a sexual harassment claim. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) ("[S]exual harassment is actionable under Title VII only if it is so severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." (internal quotations and citations omitted)). Accordingly, Plaintiff's sexual harassment claim fails.

Plaintiff's discrimination claim under 42 U.S.C. § 2000a also fails. That section prohibits discrimination or segregation in places of public accommodation and provides, in part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). Plaintiff's *pro se* complaint alleges that she "suffered discrimination based upon her national origin and physical disability." (Doc. 1, p. 3.) This claim fails for several reasons. First, the complaint does not allege a specific disability other than perhaps a vague reference to "not aging." Second,

---

[5] In support of this allegation, Plaintiff claims "her own son has outgrown her in age and height." (Doc. 1, p. 3.)

there is no basis for a national origin-based discrimination claim because her sole allegation in this regard is that "[h]er father was Nigerian." (*Id.*) Third, Plaintiff was not refused service and, in fact, ultimately received exactly what she requested, namely the $30.00 from the debit transaction and the purchase of several items. Fourth, under Section 2000a, only injunctive and declaratory relief (and attorney's fees) are available. *See, e.g., Sherman v. Marriott Hotel Servs.*, 317 F. Supp. 2d 609, 616 (D. Md. 2004) (citing *Newman v. Piggie Park Enter.*, 390 U.S. 400 (1968)). Plaintiff's prayer for relief here only includes an improper request for $2 million in compensatory damages, which is in violation of Local Rule 8.1, as well as punitive damages. Thus, for this additional reason, this claim must be dismissed.

Plaintiff's claims for assault and battery also fail. An individual commits the tort of assault when he or she acts to cause a harmful or offensive contact to take place or to place another person in "imminent apprehension" of such a contact, thereby causing the person to be "put in such imminent apprehension." *Ansell v. Ross Twp.*, 2012 U.S. Dist. LEXIS 43127, *38 (W.D. Pa. Mar. 28, 2012) (citing Restatement (Second) of Torts § 21 (1965)). Battery occurs where a person intends to cause a harmful or offensive contact with another person, and an offensive contact directly or indirectly results. *See* Restatement (Second) of Torts § 18(1) (1965). Here, the complaint merely alleges that the cashier "made sexual advances towards Plaintiff with her eyes and hands" and again "put her hands on Plaintiff when Plaintiff was swiping her debit card." (Doc. 1, p. 1, 2.) The complaint is completely devoid of any allegation that the cashier intended to, or did, cause a harmful or offensive contact or that the contact caused any injury. To the extent that Plaintiff claims injuries to her neck and ankle, the complaint alleges that

the injuries were caused by the cashier's failure to apply a discount to her purchased items, as opposed to any harmful or offensive contact. Thus, the claims for assault and battery will be dismissed.

Likewise, Plaintiff's claim for negligence fails. To establish a cause of action for negligence, Plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Rock Creek Lumber Co. v. Valley Machine Works*, 2010 U.S. Dist. LEXIS 73313, *16 (M.D. Pa. July, 21, 2010) (citing *Krentz v. CONRAIL*, 910 A.2d 20, 27-28 (Pa. 2006)). Plaintiff's complaint fails to allege that Defendant owed any duty to Plaintiff, or that the duty was breached. Further, although Plaintiff claims injuries to her neck and ankle, the only allegation pertaining to causation is the nonsensical allegation that the cashier's failure to give Plaintiff a discount resulted in her suffering the injuries. Thus, having failed to adequately plead duty, breach, or causation, this claim must be dismissed.

Lastly, the court will dismiss Plaintiff's breach of oral contract claim. Read liberally, the court construes the "oral contract" to be the cashier's initial agreement to give Plaintiff the requested $30.00. Under Pennsylvania law, in order to plead a viable breach of contract claim, a claimant must allege: (1) the existence of a contract including essential terms; (2) breach of a duty imposed by the contract; and (3) resultant damages. *See, e.g., Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002); *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). Here, the cashier's alleged agreement to give Plaintiff $30.00 is insufficient to show the existence of an oral contract. Nevertheless, assuming *arguendo* that

7

Plaintiff had sufficiently pled an oral contract, there has been no breach or damages because Plaintiff ultimately received precisely what she requested.

Finally, the court wishes to place on the record that it has been made aware that Plaintiff has filed numerous federal lawsuits under the names Amanda U. Levy and Amanda U. Ajuluchuku. The District Court for the Northern District of Illinois has noted that Ms. Levy and Ms. Ajuluchuku are the same person and are responsible for filing more than 250 federal lawsuits. (Doc. 14-3 at 9 of 37.) In fact, Plaintiff admits as much in her brief in opposition wherein she states "I have learned a great deal from more than 200 federal judges, 100 magistrate judges, 30 clerks and deputy clerks in more than 30 U.S. District Courts." (Doc. 16, p. 4.) Numerous district courts have summarily dismissed Plaintiff's suits as frivolous and restricted her from filing suits unless she pays the full statutory filing fee. (*See id.*) Accordingly, Plaintiff is on notice that the filing of additional similar suits in this district in the future will likely result in her prohibition from proceeding *in forma pauperis* in any action before this court.[6]

IV.     **Conclusion**

For the reasons set forth herein, the court will grant Defendant's motion to dismiss. An appropriate order will be issued.

_____
SYLVIA H. RAMBO
United States District Judge

Dated: April 25, 2013.

---

[6] Plaintiff will not be granted leave to amend her complaint because the court finds that any curative action would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA U. LEVY, | : | |
| Plaintiff | : | CIVIL NO. 1:13-CV-00629 |
| v. | : | |
| RITE AID CORPORATION, | : | (Judge Rambo) |
| Defendant | : | |

## O R D E R

In accordance with the accompanying memorandum, it is **HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 14) is **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice. The clerk of court is directed to **CLOSE** this case.

SYLVIA H. RAMBO
United States District Judge

Dated: April 22, 2013.